**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC, | Case № 2:21-cv-01149-ODW (RAOx) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION [62][103] AND MOTION TO REOPEN DISCOVERY [93]** |
| v. | |
| SETH CASDEN, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Multiple Energy Technologies ("MET") moves for reconsideration of the Court's order denying MET's ex parte application to extend the expert discovery deadline.  (Mot. Recons. ("Motion for Reconsideration"), ECF No. 62.)  The Motion for Reconsideration is fully briefed.  (Opp'n Mot. Recons., ECF Nos. 63, 64; Reply ISO Mot. Recons., ECF No. 65.)

MET also moves to reopen discovery for the limited purpose of permitting: (1) the parties to conduct expert discovery; (2) MET to compel certain documents from Defendant Seth Casden set forth in MET's previously denied Motion to Compel; and (3) MET to take two previously subpoenaed non-party depositions.  (Mot. Reopen Disc. ("Motion to Reopen Discovery"), ECF No. 93.)   The Motion to Reopen

1   Discovery is fully briefed.  (Opp'n Mot. Reopen Disc., ECF No. 96; Reply ISO Mot.
2   Reopen Disc., ECF No. 100.)

3       For the reasons discussed below, the Court **DENIES** MET's Motion for
4   Reconsideration and Motion to Reopen Discovery.[1]

5                       **II.      BACKGROUND**

6       On September 29, 2021, the Court issued a Scheduling and Case Management
7   Order.  (Scheduling and Case Management Order ("Scheduling Order"), ECF No. 49.)
8   The Scheduling Order set deadlines for the completion of fact and expert discovery—
9   June 13, 2022, and July 1, 2022, respectively.  (*Id.* at 24.)  The Scheduling Order also
10  provided that "[a]ny motion challenging the adequacy of responses to discovery must
11  be heard sufficiently in advance of the discovery cut-off date to permit the responses
12  to be obtained before that date if the motion is granted."  (*Id.* at 2–3.)

13      On May 24, 2022, MET sought ex parte relief to extend the fact and expert
14  discovery deadlines.  (First Ex Parte Appl. ("First Appl." or "First Application"), ECF
15  No. 55.)  On May 25, 2022, the Court found ex parte relief was not warranted,
16  explaining that MET "delayed in raising these issues until the eve of discovery's close
17  when it has known of the complications and conflicts identified for weeks or months."
18  (Order Den. First Appl. 1–2, ECF No. 58.)  Thus, the Court concluded MET "created
19  its own crisis."  (*Id.* at 2.)  However, because Casden agreed to extend the fact
20  discovery cutoff from June 13, 2022, to July 27, 2022, the Court granted MET's
21  request, in part, to extend the fact discovery deadline to the agreed-upon date, July 27,
22  2022.  (*Id.*)  The Court otherwise denied MET's First Application.  (*Id.*)  MET now
23  moves for reconsideration of the Court's Order Denying MET's First Application,
24  arguing that the Court failed to consider material facts and law.  (Mot. Recons.)

25      On June 6, 2022, MET filed a second ex parte application, seeking leave to file
26  a motion to amend the scheduling order and requesting that such motion be heard on

27  _____
28  [1] Having carefully considered the papers filed in connection with the Motion for Reconsideration and Motion to Reopen Discovery, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

"shortened notice."   (Second Ex Parte Appl. 3, ("Second Appl." Or "Second Application"), ECF No. 59.)   MET argued that its counsel misunderstood the Court's procedures and mistakenly believed that it needed to file an ex parte application to amend the Scheduling Order.  (*Id.* at 4.)   MET further argued that the Court denied the First Application merely because it was not the proper form of filing.  (*Id.*)   The Court denied MET's Second Application because, regardless of the fact that MET mistakenly filed its First Application instead of a noticed motion, MET waited until the last minute to seek relief, creating its own emergency for both the First Application and Second Application.  (Order Den. Second Appl. 1–2, ECF No. 61.)

On July 6, 2022, MET moved to compel further discovery responses from Casden.  (Mot. Compel, ECF No. 67.)   MET noticed the Motion to Compel for a hearing on the operative cutoff for fact discovery, July 27, 2022.   (*Id.* at 2.) Magistrate Judge Oliver denied MET's motion as untimely because MET failed to notice its motion for a hearing date sufficiently in advance of the fact discovery deadline for responses to be obtained before the deadline.  (Order Den. Mot. Compel, ECF No. 70.)   Judge Oliver also observed that, even after the Court granted MET's request to extend the fact discovery deadline to July 27, 2022, MET continued to delay in raising the parties' discovery issues with the Court and did not move to compel until over a month later, noticing the motion for a hearing on the fact discovery deadline.  (*Id.*)

On July 25, 2022, MET filed a third ex parte application, seeking leave to depose two non-party witnesses outside of the discovery period.  (Third Ex Parte Appl. ("Third Appl." or "Third Application"), ECF No. 71.)   Magistrate Judge Oliver denied the Third Application because MET's "lack of diligence in serving the subpoenas at issue and scheduling the depositions" "created the purported crisis requiring ex parte relief."  (Order Den. Third Appl. 2, ECF No. 74.)

On August 4, 2022, MET moved for review of Judge Oliver's order denying MET's Third Ex Parte Application.  (Mot. Review Order Den. Third Appl., ECF

No. 75.) Also on August 4, 2022, MET applied ex parte to expedite the briefing and hearing schedule for the Motion for Review. (Fourth Ex Parte Appl., ("Fourth Appl." or "Fourth Application"), ECF No. 76.) The Court denied MET's Fourth Application, finding that "the need for expedited relief in the Fourth Application [arose] from the Third Application, which itself arose from [MET's] own lack of diligence." (Order Den. Mot. Review Order Den. Third Appl. 2–3, ECF No. 78.) The Court also denied MET's Motion for Review because, absent an expedited hearing, the issues for which MET sought redress in the Motion for Review would be moot. (*Id.* at 3.)

On August 22, 2022, the Court *sua sponte* continued the trial date from October 11, 2022, to March 28, 2023. (Order Continuing Trial, ECF No. 86.) MET now moves to reopen discovery for the limited purpose of permitting: (1) the parties to conduct expert discovery; (2) MET to compel certain documents from Casden set forth in MET's Motion to Compel; and (3) MET to take two previously subpoenaed non-party depositions. (Mot. Reopen Disc. 1.)

## III.     MOTION FOR RECONSIDERATION

MET moves for reconsideration of the Court's denial of MET's First Application to extend the expert discovery deadline, arguing that the Court "overlooked key material facts and law that show there is good cause [that] warrants granting the requested extension." (Mot. Recons. 1.)

### A.     Legal Standard

"Motions for reconsideration are disfavored and should be granted only in rare circumstances." *United States v. Vistoso Partners, LLC*, No. CV10-0444 PHX DGC, 2011 WL 2550387, at *1 (D. Ariz. June 27, 2011); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources'"). Under Local Rule 7-18, the grounds on which a party may move for reconsideration are limited to: (a) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have

been known to the party moving for reconsideration at the time the Order was entered;" (b) "the emergence of new material facts or a change of law occurring after the Order was entered;" or (c) "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  C.D. Cal. L.R. 7-18.

**B.    Discussion**

MET brings its Motion for Reconsideration pursuant to Local Rule 7-18(c), asserting that the Court failed to consider material facts.  (*See* Mot. Recons. 8.)  MET argues that the Court overlooked (1) that MET did not wait until the last minute to seek the extension given that it moved five weeks before the expert discovery deadline; (2) Casden's dilatory conduct in not producing any documents; and (3) Casden's failure to give any professional courtesy to MET's counsel.  (*Id.* at 8–9.) MET further argues that consideration of the facts under the good cause standard that applies to motions to amend a scheduling order supports granting MET's requested extension.  (*Id.*)

Each of these arguments fails.  First, the Court did not overlook the timing of MET's First Application, filed on May 24, 2022, in relation to the expert discovery deadline of July 1, 2022.  As MET acknowledged in its First Application, the expert discovery deadline was "approaching."  (First Appl. 2 of 9.)  Moreover, by the time MET filed its First Application, the deadline to designate affirmative experts and serve their reports had passed and the deadline to designate rebuttal experts was only days away.  (*See* Scheduling Order 3 (stating affirmative expert designations and reports must be provided eight weeks prior to the expert discovery deadline and rebuttal expert designations and reports must be provided five weeks prior to the expert discovery deadline)).  The Court considered this timeline in concluding that MET delayed in raising its expert discovery issues with the Court for weeks or months until the parties neared discovery's close.  Thus, the Court concluded that MET was not "without fault in creating the crisis that requires ex parte relief."  *Mission Power*

1   *Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); (Order Den.
2   First Appl. 1–2).

3          Moreover, in its First Application, MET addressed Casden's delays, the parties'
4   failure to produce any documents prior to MET's First Application, and Casden's
5   counsel's refusal to agree to any extension of the expert discovery deadline. (*See* First
6   Appl. 5–9 of 9.) The Court considered these facts and denied MET's First Application
7   on the basis that MET failed to timely seek the Court's intervention to resolve those
8   issues, thus creating its own crisis. (Order Den. First Appl. 1–2.) Accordingly, MET
9   did not meet the standard for ex parte relief set forth in *Mission Power*. (*See id.*
10  (citing *Mission Power*, 883 F. Supp. at 492).)

11         MET has not identified any material facts that the Court overlooked to justify
12  reconsideration of the Court's decision. Accordingly, the Court **DENIES** MET's
13  Motion for Reconsideration. (ECF No. 62.)

14              **IV.     MOTION TO REOPEN DISCOVERY**

15         Following the Court's *sua sponte* continuance of the trial date, MET moves to
16  reopen discovery for the limited purpose of permitting: (1) the parties to conduct
17  expert discovery; (2) MET to compel certain documents from Casden set forth in
18  MET's Motion to Compel; and (3) MET to take two previously subpoenaed non-party
19  depositions. (Mot. Reopen Disc. 1.)

20  **A.     Legal Standard**

21         The Court "has wide discretion in controlling discovery." *Little v. City of*
22  *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under Federal Rule of Civil Procedure
23  ("Rule") 16(b)(4), "[a] schedule may be modified only for good cause and with the
24  judge's consent." Fed. R. Civ. P. 16(b)(4). "When ruling on a motion to amend a
25  Rule 16 scheduling order to reopen discovery," courts consider six factors:

26         1) whether trial is imminent, 2) whether the request is opposed, 3)
27         whether the non-moving party would be prejudiced, 4) whether the
           moving party was diligent in obtaining discovery within the guidelines
28         established by the court, 5) the foreseeability of the need for additional

discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). "While no one factor is necessarily dispositive, the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently." *De Paz v. Wells Fargo Bank, N.A.*, No. 18-cv-09779-PSG (PJWx), 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). When the motion to extend time is made after time has expired, the Court must also consider excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

**B.   Discussion**

Applying this standard, MET argues that there is good cause to reopen discovery. (Mot. Reopen Disc. 1, 8–9.)

*1.   Whether Trial is Imminent*

The first factor—whether trial is imminent—weighs in favor of reopening discovery where there is a significant amount of time between the motion to reopen discovery and the trial date. *Sateriale v. R.J. Reynolds Tobacco Co.*, No. 2:09-cv-08394-CAS (SSx), 2015 WL 4162485, at *3 (C.D. Cal. July 8, 2015) (finding trial nearly five months away was not imminent and weighed in favor of reopening discovery). Here, trial is scheduled for March 28, 2023, more than six months from the date MET moved to reopen discovery. (*See* Order Continuing Trial; *see also* Mot. Reopen Disc.) Accordingly, this factor weighs in favor of reopening discovery.

*2.   Whether the Request is Opposed*

The second factor considers whether the movant's request is opposed. *Pomona*, 866 F.3d at 1066. Here, because Casden opposes MET's Motion to Reopen Discovery, (*see generally* Opp'n Mot. Reopen Disc.), this factor weighs against reopening discovery.

### 3.   Prejudice to the Non-Moving Party

Casden argues that the third factor—prejudice to the non-moving party—weighs against reopening discovery, which Casden contends would cause him to "incur substantial additional fees and costs." (*Id.* at 6.) Casden further argues that he has "already substantially started the pre-trial process" and "engaged trial vendors and other outside consultants to assist with case preparation." (*Id.* at 7.) Finally, Casden argues that "[r]eopening discovery would further delay resolution of this action." (*Id.*)

Although reopening discovery may prejudice the non-moving party "when it requires additional costs and major alterations in trial tactics and strategy," *Morris v. Sutton,* No. 1:17-cv-01488-AWI (SABx), 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019) (citing *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)), Casden has not articulated in any detail how the discovery MET seeks would alter its trial tactics and strategy, (*see generally* Opp'n Mot. Reopen Disc.). Moreover, the Court finds that the risk of prejudice to Casden here is minimized by the fact that trial is not imminent and that MET does not propose further continuing the trial date. In light of these considerations, the Court finds that this factor weighs slightly against reopening discovery.

### 4.   Diligence/Excusable Neglect of the Moving Party

"Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (internal quotation marks omitted).

Both MET and Casden argue that they are not responsible for the parties' discovery issues and that it is the opposing party who lacked diligence in discovery. (*See, e.g.*, Mot. Reopen Disc. 1, 15; Opp'n Mot. Reopen Disc. 7–9.) But the fourth *Pomona* factor considers the diligence of the moving party, *Pomona*, 866 F.3d at 1066, and here, the record reflects that MET "has filed numerous motions and ex parte applications, seeking remedies—such as deadline extensions, reconsideration by the Court, and leave of the Court—all to redress issues created by or related to

[MET's] own lack of diligence in discovery," (Order Den. Mot. Review Order Den. Third Appl. 1).  Indeed, the Court has already found that MET lacked diligence in pursuing each category of discovery for which it seeks to reopen discovery.

First, the Court has twice denied MET's ex parte requests to extend the discovery deadline in this matter, finding MET lacked diligence because it unnecessarily delayed in seeking relief from the Court for discovery issues that it had been aware of for weeks or months.  (*See* Order Den. First Appl. 1–2; Order Den. Second Appl. 1–2.)  Second, in denying MET's untimely Motion to Compel, Magistrate Judge Oliver observed MET's "continued delay in raising the discovery disputes with the Court."  (Order Den. Mot. Compel 2.)  Third, Judge Oliver previously denied MET's ex parte application for leave to depose the two relevant non-party witnesses outside of the discovery period because MET's "lack of diligence in serving the subpoenas at issue and scheduling the depositions" "created the purported crisis requiring ex parte relief." (Order Den. Third Appl. 2–3.)

Moreover, all of these delays cannot be explained by MET's excusable neglect. MET contends that its counsel misunderstood the Court's procedures and mistakenly believed that it needed to file an ex parte application, rather than a motion, to amend the Scheduling Order.  (Second Appl. 4.)  However, the Court concluded that regardless of any mistake regarding the form of MET's filing, that mistake did not explain why MET waited to seek relief.  (*Id.*)  MET also argues that it "mistakenly believed that the expert disclosure deadline was June 3 and, based only on that mistaken belief, did not move to modify the schedule earlier."  (Mot. Reopen Disc. 13.)  However, MET learned of this mistake on May 8, 2022.  (Decl. Nicole A. Sullivan ISO Mot. Reopen Disc. ¶¶ 25-26, ECF No. 93-2).  Despite learning that the deadline for affirmative expert designations, May 6, 2022, had already passed, MET did not seek relief from the Court until more than two weeks later.  (First Appl.) Accordingly, MET's failure to complete discovery according to the Scheduling Order cannot be explained by excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

While the trial date in this matter has changed, MET's lack of diligence in pursuing discovery has not. The record reflects that MET lacked diligence in discovery and repeatedly delayed in raising discovery disputes with the Court. Accordingly, the fourth—and most important—factor weighs against reopening discovery.

5. *Foreseeability of the Need for Additional Discovery*

The fifth factor considers whether the need for additional discovery was foreseeable. *Pomona*, 866 F.3d at 1066. MET argues that the discovery it seeks was not foreseeable because it could not foresee that Casden was meeting and conferring in bad faith and to prevent MET from obtaining relevant discovery. (Mot. Reopen Disc. 13.) MET further argues that Casden withheld key documents and declined to agree to extend the expert discovery deadline, ensuring that the documents Casden produced could not be used by any of MET's experts. (Reply ISO Mot. Reopen Disc. 7.) Although those arguments address the foreseeability of discovery issues between the parties, they do not address whether MET could foresee that it would need the discovery that it now seeks. In addition, MET foresaw that it would need to rely on expert evidence even prior to receiving any documents from Casden. (*See* First Appl. (seeking extension of expert discovery deadline when neither party had produced any documents).)

MET also contends that it did not foresee the need to depose the two relevant non-party witnesses until after MET received their document productions, "which revealed documents and communications directly from [Casden] that [Casden] had failed to produce." (Reply 6.) Even so, the Court concludes that, on balance, the discovery that MET now seeks, including expert discovery and further responses to its discovery requests, was foreseeable. Accordingly, the Court finds that the fifth factor weighs slightly against reopening discovery.

6.      *Likelihood the Discovery Will Lead to Relevant Evidence*

The sixth factor addresses whether additional discovery is likely to lead to relevant evidence.   *Pomona*, 866 F.3d at 1066.   MET argues that the requested discovery would "reveal highly relevant information," including deposition testimony regarding communications "that [go] directly to the heart of this case," documents responsive to ESI searches that Casden failed to run, and expert testimony.  (Reply 7.) Accepting these representations as true, the Court finds that the discovery MET seeks is likely to lead to relevant evidence.   This factor weighs in favor of reopening discovery.

Overall, four of the six *Pomona* factors—including the most important factor of MET's diligence—weigh against reopening discovery.   Having considered the *Pomona* factors, the Court finds that MET fails to establish good cause to reopen discovery.   Accordingly, the Court **DENIES** MET's Motion to Reopen Discovery. (ECF No. 93.)

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** MET's Motion for Reconsideration and Motion to Reopen Discovery.  (ECF Nos. 62, 93, 103.)


**IT IS SO ORDERED.**


November 16, 2022


_____
            **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**