WHITE AND WILLIAMS LLP
Nicole Sullivan (pro hac vice)
sullivann@whiteandwilliams.com
Thomas E. Butler (pro hac vice)
butlert@whiteandwilliams.com
810 Seventh Avenue – Suite 500
New York, NY 10019
Telephone: (212) 714-3070
Facsimile: (212) 244-6200

WALKER STEVENS CANNOM LLP
Bethany Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone: (213) 712-9145
Facsimile: (213) 403-4906
*Attorneys for Plaintiff Multiple Energy Technologies, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SETH CASDEN,<br><br>Defendant. | Case No.: 2:21-cv-01149-ODW<br><br>**JOINT REPORT IN RESPONSE TO THE COURT'S MINUTE ORDER DATED AUGUST 25, 2026 (Dkt. No. 278)**<br><br>The Hon. Otis D. Wright II |

Pursuant to this Court's Minute Order dated August 25, 2026 (Dkt. No. 278), the parties met and conferred on August 27, 2026, and hereby submit the following joint report regarding their proposals to resolve the outstanding issues in this case.

## *I. Outstanding Matters In This Case*

**MET's Position**:

- whether agency immunity applies as a defense to MET's tortious interference claim under the standard articulated by the Ninth Circuit;
- whether Casden's bonuses, which were not compensatory salary but incentives tied directly to sales generated by the false advertising, constitute profits able to be disgorged as a remedy for MET's Lanham Act claim.

**Casden's Position**:

- Whether, based on the record, judgment should be entered as a matter of law on the agency immunity defense, or, absent a determination as a matter of law, the question should be presented to a jury.
- Whether, because the Ninth Circuit did not remand the Lanham Act claim for further decision, a final judgment should be entered on that claim at this time.
- Whether, in light of the Ninth Circuit's suggestion (fn. 7, page 20) regarding a potential adjustment in the attorney's fee award due to its decision, the attorney's fee award of $598,142.12 in fees [USDC Dkt. No. 260] should be reduced.
- Whether the Court will approve a bond in the amount of the potential attorney's fee award while such challenge is pending in order to facilitate Casden's contemplated exit from his pending bankruptcy proceeding.

## II. ***Anticipated Motions and Proposed Briefing Schedule***

**MET's Position:** MET proposes to bring a motion for revised judgment that (i) finds the agency immunity defense does not apply to MET's tortious interference claim under the standard articulated by the Ninth Circuit, (ii) revisits the Court's disgorgement award on MET's Lanham Act claim consistent the Ninth Circuit's holding that the Court cannot treat Casden's salary as profits in this case; and (iii) restates the attorneys' fees award (which was affirmed by the Ninth Circuit) and the liability findings and issued permanent injunction (which Casden did not challenge on appeal) as stated in the original judgment (Dkt. No. 199). It should be noted that the Ninth Circuit did not reverse the judgment on the tortious interference cause of action and only remanded for the Court to consider whether the agency immunity defense applies under the standard articulated in this decision. Nor can it be decided as a matter of law as posited by Casden because it requires an application of the facts to the standard.

**Casden's Position:** Casden contends that (1) judgment may be entered as a matter of law on the agency immunity defense based on the record, the numerous findings by the Court that the Casden actions were taken for the benefit of Hologenix, as well as himself, and the jury's advisory finding that Casden was acting in the scope of his agency, (2) there is no basis to re-instate the tortious interference claim as the Ninth Circuit ruling precludes that determination, (3) the disgorgement issue is not open for further consideration in the District Court because the Lanham Act claim was not remanded for further proceedings, and the Ninth Circuit's reasoning applies equally to bonuses received by Casden, which are not profits tied to any sales of the offending entity, Hologenix.

It should be noted that Casden's appeal did not challenge the injunction itself, but the contempt order is the subject of his second appeal, which is currently on an administrative hold.

Casden intends to evaluate the grounds for a possible adjustment of the attorney fee award entered by the Court on February 25, 2025, in the amount of $598,142.12 [USDC Dkt. No. 260], in view of the Ninth Circuit's comment that

> "While we affirm the award of attorney's fees under the Lanham Act, the district court remains free, if asked, to adjust the amount in light of our opinion."

*See* Ninth Circuit Opinion at p. 20, n. 7.

Given his counsel's recent substitution into this case, Casden requests additional time to evaluate the record and whether to bring such a motion to reduce the award of attorneys' fees.

The Parties propose the following briefing schedule on its anticipated motions and Casden's anticipated motion:

- Opening Briefs due October 13, 2026
- Opposition Briefs due October 20, 2026
- Reply Briefs due November 3, 2026
- Hearing: December 7, 2026, or as otherwise convenient for the Court.

### *III. Status Report Regarding Bankruptcy*

**MET's Position:** The Bankruptcy proceedings initiated by Casden on October 17, 2023, *In re Casden*, No. 2:23-bk-16904-BR (Bankr. C.D. Cal.), remain pending. By order dated June 26, 2024, the Bankruptcy Court lifted the automatic stay in this case "to permit [Casden] to proceed with his challenges to the judgment obtained by MET," which expressly included "any retrial and/or remand." (*See* Dkt. 217.) As such, MET understands no further order or permission of the Bankruptcy court is required to proceed with the outstanding matters and/or anticipated motions identified in this Joint Report. It is unclear to MET why Casden believes the automatic stay was not lifted as to this remand given the clear language of the bankruptcy court's order. In any event, MET has offered to stipulate to relief from the stay to the extent that

Casden believes it is necessary.

**Casden's Position:** The Bankruptcy Court Order entered June 26, 2024, stated that "As to **Movant** [Casden], its successor, transferees and assigns, the stay of 11 U.S.C. S 362(a) is: (a) Terminated as to the Debtor and the Debtor's bankruptcy estate."

The Order further states:

> The stay is lifted to permit the **Debtor** to proceed with his challenges to the judgment obtained by MET in the MET v. Casden Action (the "Judgment"), included pursuing the Debtor's post-trial motions, all post-judgment challenges, any and all appeals, including from the Judgment and any retrial and/or remand. The stay is also lifted for **MET** to pursue its motion for attorney's fees and its application to the clerk to tax costs in the MET v. Casden Action.

*See* Bk. Dkt. No. 213 (emphasis added).

MET, which opposed the Debtor's stay relief motion in the Bankruptcy Court, has never sought relief to continue with its prosecution of the case against Casden and it is not clear that it has the right to do so at this stage of the proceedings (except for its motion for attorney's fees), given the terms of the Bankruptcy Court order.

As to further proceedings on this Court's "Order Granting Plaintiff's Motion for Contempt" entered on June 4, 2025 [Dkt. No. 265], the Court stated that:

> The stay in this action remains in place as the bankruptcy court lifted the stay only for the limited purpose of bringing a motion for contempt, not a motion for attorney's fees. (Sullivan Decl. Ex. 9 (Bankruptcy Court Order") 2, ECF No. ECF No. 254-10. MET may move for the above requested attorneys' fees within thirty (30) days of a lift of the stay.

*See* USDC Dkt. No. 265.

As of this date, MET has not moved for relief from the stay. Absent a further order of the Bankruptcy Court, or a dismissal of the bankruptcy case, Casden contends that the stay remains in effect, except as specified in the prior Bankruptcy Court orders. Clarification from the Bankruptcy Court is necessary to avoid a later challenge to the Court's rulings on the basis that a stay was in effect.

Dated: September 1, 2026

**WHITE AND WILLIAMS LLP**

_*/s/ Nicole A. Sullivan*_________
Thomas E. Butler
Nicole A. Sullivan
*Attorneys for Plaintiff*
*Multiple Energy Technologies, LLC*

Dated: September 1, 2026

Gregory M. Salvato
Joseph Boufadel
Salvato Boufadel, LLP

*/s/ Gregory M. Salvato*____
Gregory M. Salvato

*Attorneys for Defendant*
*Seth Casden*

**E-FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 1, 2026

*/s/ Bethany Stevens*______
Bethany Stevens